## Wayne Body Corporation, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 35896.    Promulgated February 27, 1931.

*George E. H. Goodner, Esq.*, for the petitioner.
*J. E. Mather, Esq.*, and *J. A. Lyons, Esq.*, for the respondent.

OPINION.

BLACK: The petitioner attacks the constitutionality of section 280 of the Revenue Act of 1926, under which the Commissioner acted in determining its liability as transferee. But we may not entertain the issue thus presented, *Henry Cappellini*, 14 B. T. A. 1269; cf. *Annie G. Phillips*, 42 Fed (2d) 177, now pending in the Supreme Court on certiorari; and *Routzahn* v. *Tyroler*, 36 Fed. (2d) 208; certiorari denied, 281 U. S. 734. While there has been a great mass of testimony taken on the question of the liability of the petitioner as transferee of the American Auto Trimming Company of Detroit, Mich., the facts as to transferee liability are very simple. The transferor Detroit Company, as of January 1, 1925, transferred all of its assets, having a net value considerably larger than the amount of the taxes involved in this proceeding, in exchange for shares of stock of petitioner, which were issued and transferred directly to the stockholders of the Detroit Company. The taxpayer was denuded of its assets, received nothing in exchange therefor, and was shortly thereafter dissolved. The case falls squarely within the rule stated in the recent case of *Gideon-Anderson Co.*, 20 B. T. A. 106, where we said:

The petitioner contends that it is not liable in law or in equity as a transferee of the assets of Gideon-Anderson Lumber and Mercantile Company as it paid full value for such assets.

While we recognize the general and well settled rule that where one corporation in good faith sells or transfers all of its assets to another for a fair consideration the transferee corporation is not liable for the debts and the liabilities of the transferor, *Metropolitan Securities Corporation*, 19 B. T. A. 299, we do not think this is such a case.

It is well settled that where one corporation exchanges or transfers its assets to another corporation for stock of the latter which is issued directly to the stockholders of the seller, thus leaving the seller without assets of any kind to satisfy its creditors, the purchaser is liable to the creditors of the seller to the extent of the value of the property received, the sale being in fraud of creditors and the purchaser being a party to the transaction. *United States* v. *Capps Mfg. Co.*, 15 Fed. (2d) 528; *Grennell* v. *Detroit Gas Co.*, 112 Mich. 70; 70 N. W. 413; *McWilliams* v. *Excelsior Coal Co.*, 298 Fed. 884; *Swing* v. *American Glucose Co.*, 123 Ill. App. 156; *Woodley Petroleum Co. et al.*, 16 B. T. A. 253.

Under authority of these cases we hold that the petitioner is liable as transferee and we will now consider the extent of the liability as to the respective taxable years.

Limitation is pleaded as to the years 1917 and 1920. They will be considered separately.

For the year 1917, two consents in writing were introduced which, taken together, extend the time for determination, assessment and collection of income and profits taxes against the Detroit Company until March 1, 1925, but the validity thereof is questioned on the ground that the respondent did not sign them in person, and it is not shown that the corporate officer signing in behalf of the taxpayer had authority. It was shown by the evidence that the signature of respondent was made by an authorized representative and in the regular course of governmental business, and the signer in behalf of the taxpayer acknowledged his signature and the corporate seal, and it was shown that he was the secretary-treasurer of the taxpayer and there is nothing to indicate that he did not have full authority to sign the consents in writing for the taxpayer corporation. Under these circumstances we hold the consents valid. *Trustees for Ohio & Big Sandy Coal Co.*, 9 B. T. A. 617; *Concrete Engineering Co.*, 19 B. T. A. 212; *Uncasville Manufacturing Co.*, 19 B. T. A. 920; *Liberty Baking Co.* v. *Heiner*, 37 Fed. (2d) 703.

For the year 1917 the various events fixing or relieving petitioner of liability have been fully stated in our findings of fact and need not be repeated here.

Under sections 274, 277, and 278 of the Revenue Act of 1926 it is provided in substance that the running of the statute of limitations shall be suspended during the pendency of an appeal before the Board of Tax Appeals and for 60 days thereafter, and that likewise during the same period no steps shall be taken by respondent to assess or collect taxes.

Section 280(b), Revenue Act of 1926, provides:

(b) The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows:

(1) Within one year after the expiration of the period of limitation for assessment against the taxpayer; or

(2) If the period of limitation for assessment against the taxpayer expired before the enactment of this Act but assessment against the taxpayer was made within such period,—then within six years after the making of such assessment against the taxpayer, but in no case later than one year after the enactment of this Act.

By section 277, Revenue Act of 1924, limitation applicable to taxes for 1917 and 1920 was fixed at five years. The original five years for assessment under the 1917 return expired March 1, 1923, but this was extended by consents in writing to March 1, 1925. By letter mailed February 11, 1925, the Commissioner notified the Detroit Company of a deficiency in tax for 1917 and within 60 days thereafter, April 9, 1925, the Detroit Company filed a petition with the United States Board of Tax Appeals appealing from said determination of a deficiency for 1917 (and other years). The statute of limitations was therefore suspended while that appeal,

Docket No. 3430, was pending and for 60 days thereafter. In other words, the appeal as to 1917 was filed in time and was entirely legal and was pending before the Board until February 16, 1927, the date the Board entered an order granting the Detroit Company permission to withdraw its appeal as to the year 1917. The assessment against the transferor taxpayer, on April 9, 1927, was made within 60 days from the date of the Board's order, and was in time, as was the notice against petitioner as transferee dated December 29, 1927, and it follows that the taxes for 1917 and liability of petitioner are not barred by limitation. Cf. *A. Cellers*, 16 B. T. A. 411; *Louis Costanzo*, 16 B. T. A. 1294; *Phil Gleichman*, 17 B. T. A. 147; and *David T. Long*, 17 B. T. A. 584.

The petitioner complains that the apportionment of excess profits tax for 1917 computed on the consolidated returns of the Detroit and Ohio companies was not made in accordance with the statute and regulations and that too large an apportionment of said tax was made to the Detroit Company. Respondent contends that petitioner is precluded from raising this question because the order entered by the Board, February 16, 1927, granting the Detroit Company's motion to dismiss its appeal for 1917 was under the statute equivalent to a judgment affirming the amount of the deficiency as determined by the Commissioner and that the correctness of such determination can not now be questioned by petitioner, the transferee of the Detroit Company.

Section 906 (c) of the Revenue Act of 1926, provides:

(c) If a petition for a redetermination of a deficiency has been filed by the taxpayer, a decision of the Board dismissing the proceeding shall, for the purposes of this title and of the Revenue Act of 1926, be considered as its decision that the deficiency is the amount determined by the Commissioner. An order specifying such amount shall be entered in the records of the Board unless the Board can not determine such amount from the pleadings.

No order was in fact entered by the Board in Docket No. 3430 specifying the amount of deficiency for 1917 against the Detroit Company, but respondent treated the order which we have set out in full in our findings of fact of February 16, 1927, as equivalent to an order approving the deficiency as originally determined by the Commissioner. On April 9, 1927, he assessed the tax against the Detroit Company in accordance therewith. We hold this assessment was legal against the transferor corporation. However, in Docket No. 3430 there was no trial on the merits as to 1917, and since the present proceeding is one under section 280 of the Revenue Act of 1926, against petitioner as the transferee of the Detroit Company, we hold that petitioner is not precluded from inquiring into the correctness of the tax assessed against the Detroit Company for 1917.

This Board has held that in a proceeding against a transferee under section 280, no prior assessment of the tax against the transferor is necessary. *Woodley Petroleum Co.*, 16 B. T. A. 253. Likewise we have held that even where assessment of the tax has been made against the transferor, the transferee on appeal to this Board may inquire into the correctness of the tax.

The exception to the rule which freely permits the transferee, on appeal from a proceeding under section 280, to contest the correctness of the amount of tax originally determined against the transferor, is where the transferor appealed to this Board in the original proceeding for a deficiency and the cause was heard on its merits and final determination was made. We have held in such a case, in a subsequent appeal by a transferee from a proceeding under section 280, the transferee is precluded from contesting the correctness of the tax against transferor. *Jahncke Service, Inc.*, 20 B. T. A. 837. We have no such case before us in this proceeding; there was no hearing on the merits as to 1917. We therefore hold that petitioner is not precluded from inquiring into the correctness of the amount of the tax assessed against the Detroit Company for 1917.

Article 78 of Regulations 41, governing the year 1917, provides in part as follows:

In cases where consolidated returns are accepted, the total (excess profits) tax will be computed in the first instance as a unit upon the basis of the consolidated return and will be assessed upon the respective affiliated corporations in such proportions as may be agreed among them. If no such agreement is made, the tax will be assessed upon each such corporation in accordance with the net income and invested capital properly assignable to it.

Inasmuch as there was no agreement between the corporations for the apportionment of the tax, it should be apportioned in accordance with the law and regulations appropriate to the taxable year. *Angier Corporation*, 17 B. T. A. 1376; *Aragon Mills*, 17 B. T. A. 257. The petitioner is liable for so much of the tax as is correctly apportioned to the Detroit Company for 1917, but not that of the Ohio Company for the notice of the liability as transferee does not refer to or mention that company.

For the year 1920 the return was filed March 15, 1921, and on January 28, 1925, respondent issued a preliminary letter to petitioner's transferor, the Detroit Company, commonly known as the 30-day letter. On April 9, 1925, an appeal was filed before the Board, Docket No. 3430, involving 1917, 1918, and 1919, and taxpayer attempted to include 1920 although no final determination of any deficiency had then been made and no notice of deficiency had been issued.

We have held in a number of cases that an appeal from a 30-day letter (preliminary letter) does not give the Board jurisdiction. Only the final determination of a deficiency can give us jurisdiction. *Frost Superior Fence Co.*, 1 B. T. A. 1096; *Mohawk Glove Corporation*, 2 B. T. A. 1247. It is true that, if at the time petitioner took its appeal in Docket No. 3430, the 60-day deficiency notice for the year 1920 had been actually issued and by mistake or inadvertence petitioner had appealed from the 30-day letter, it would have been permitted to amend and show that it was in fact appealing from the 60-day letter and not from the 30-day letter. *The Peruna Co.*, 11 B. T. A. 1180; *D. L. Blackstone, Administrator, et al.*, 12 B. T. A. 456; *Marion S. Sevier*, 14 B. T. A. 709. But where, as in Docket No. 3430, hereinbefore referred to, the deficiency notice for 1920 had not been issued at the time the appeal was filed, to wit, April 9, 1925, and was not issued until May 16, 1925, the Board acquired no jurisdiction over 1920 in such appeal and the statute of limitations was not suspended thereby.

For the year 1920 no waivers have been shown. The return was filed March 15, 1921, and the five-year limitation for assessment against the transferor corporation expired March 15, 1926. The assessment for the year 1920 deficiency against transferor taxpayer was made March 26, 1926, which was too late. The one year additional time in which assessment might be made against the transferee under section 280 of the Revenue Act of 1926 expired on March 15, 1927. The notice to petitioner was issued December 29, 1927, and was too late. Taxes for 1920 and liability of petitioner as transferee are barred by the statute of limitations. *Southwestern Investment Co.*, 19 B. T. A. 30.

Section 504, Revenue Act of 1928, provides:

SEC. 504. SUSPENSION OF RUNNING OF STATUTE OF LIMITATIONS.

(a) Section 277(b) of the Revenue Act of 1926 is amended to read as follows:

"(b) The running of the statute of limitations provided in this section or in section 278 on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of a notice under subdivision (a) of section 274) be suspended for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Board, until the decision of the Board becomes final), and for 60 days thereafter."

(b) Subsection (a) of this section shall apply in all cases where the period of limitation has not expired prior to the enactment of this Act.

Limitation as to 1920 expired prior to the enactment of the 1928 Act. Hence, we hold the above quoted provision of the 1928 Act has no application to the present proceeding.

The remaining question relates to the liability of petitioner for an alleged deficiency of the Detroit Company for 1924. The liability letter of respondent against petitioner as transferee addressed to the petitioner, dated December 29, 1927, reads as follows:

WAYNE BODY CORPORATION,
  *3601 Gratiot Avenue,*
    *Detroit, Michigan.*

SIRS: As provided in Section 280 of the Revenue Act of 1926, there is proposed for assessment against you, the amount of $66,332.05 constituting your liability as a transferee of the assets of the American Auto Trimming Company (whose name was subsequently changed to the Gotfredson Corporation) of Detroit, Michigan, for income and profits taxes in the amount of $66,332.05 due from the American Auto Trimming Company for the years 1917, 1920 and 1924 as shown in the attached statement.

\*      \*      \*      \*      \*      \*      \*

TAX LIABILITY.

| Company | Years | Deficiency |
|---|---|---|
| American Auto Trimming Co. | 1917 | $17,395.17 |
| | 1920 | 39,334.05 |
| | 1924 | 9,602.83 |
| Total | | 66,332.05 |

Petitioner in its amended petition denied liability for 1924 in the following language:

Respondent is erroneously attempting to assess and collect a tax from petitioner on account of taxes alleged to be due from the American Auto Trimming Company of Detroit, for the year 1924, in the amount of $9,602.83, when there are no taxes due from said Detroit Company for the year 1924, and when there were none due on December 29, 1927, the date when the deficiency letter was issued.

We think the facts clearly sustain petitioner in the above contention. The Revenue Act of 1928 provides:

In proceedings before the Board the burden of proof shall be upon the Commissioner to show that a petitioner is liable as a transferee of property of a taxpayer but not to show that the taxpayer was liable for the tax.

The respondent's assertion of liability against petitioner, shown above, is, under the statute, prima facie correct. Do the facts brought out in the hearings overcome this presumption? We think they do and will state our reasons for so concluding. To establish the deficiencies against transferor corporation, the Detroit Company, for the years 1917 and 1920, and thus establish liability against petitioner as transferee, respondent introduced in evidence the assessment lists on which the deficiencies for the above years were assessed against the Detroit Company. The assessment of the deficiency for 1917 was made April 9, 1927, and deficiency for 1920 was assessed March 26, 1926. Respondent did not show that any deficiency has ever been assessed against the Detroit Company for 1924, but intro-

duced in evidence the assessment of the original tax against the Detroit Company as shown on its return for 1924. This assessment was made November 2, 1925, and assessed a total tax, including interest, of $15,538.70.

Petitioner introduced in evidence a certificate from the Collector of Internal Revenue, Detroit, Mich., dated January 2, 1930, showing that this tax for 1924 was paid in full as follows:

The records of this office disclose the following income tax payments made by American Auto Trimming Company, Detroit, Mich.

Liability _____ $15, 538. 70

| Year | Date paid | Amount |
|---|---|---|
| 1924 _____ | 3–23–25 | $3, 031. 25 |
| | 4–22–25 | 1, 390. 53 |
| | 6–18–25 | 3, 349. 70 |
| | 9–10–25 | 124. 87 |
| | 9–16–25 | 3, 883. 61 |
| | 12–15–25 | 3, 758. 74 |

Total payments _____ 15, 538. 70

Balance due _____ 000, 000. 00

Petitioner also introduced a notice of deficiency mailed by the respondent to the Detroit Company, May 31, 1927, covering the years 1921 to 1924, inclusive, which shows that not only was there no deficiency for 1924, but, on the contrary, there was an overassessment for 1924 of $6,558.04 which was credited to the 1921 deficiency of the said Detroit Company. The following statement taken from the deficiency notice of May 31, 1927, shows what was done as to 1924:

TAX LIABILITY

| Company | Year | Deficiency | Overassessment |
|---|---|---|---|
| American Auto Trimming Company _____ | 1921 | $21, 694. 29 | |
| | 1922 | _____ | $4, 664. 89 |
| | 1923 | _____ | 1, 200. 05 |
| | 1924 | _____ | 6, 558. 04 |
| | | 21, 694. 29 | 12, 422. 98 |
| Net additional tax _____ | | 9, 271. 31 | _____ |

That there was no deficiency against the Detroit Company for 1924 is further proved by the fact that its original return for the year 1924 reposing in respondent's files was introduced in evidence and shows that an overassessment was computed thereon of $6,558.04. Petitioner introduced in evidence a notice of deficiency mailed to American Auto Trimming Company, Cleveland, Ohio, dated December 31, 1926, asserting a deficiency against the Ohio Company for the year 1924 of $8,580.78 and determining that it was not affiliated with any other company during the year 1924.

It is clear that this deficiency of $8,580.78 against the Ohio Company, plus interest of $1,022.05 to the date of the liability letter sent to petitioner, December 29, 1927, makes up the total of $9,602.83 asserted against petitioner for 1924. The deficiency notice sent to petitioner December 29, 1927, and upon which the appeal in the instant case is based, does not assert any liability against petitioner as the transferee of the assets of the American Auto Trimming Company, Cleveland, Ohio.

Hence we hold that respondent has not shown any liability of petitioner as transferee for the year 1924.

Reviewed by the Board.

*Decision will be entered under Rule 50.*