STANLEY COMPANY OF AMERICA, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket Nos. 31516, 33142, 40023.   Promulgated July 26, 1932.

*Lawrence A. Baker, Esq.,* and *Henry H. Elliott, Esq.,* for the
petitioner.

*E. A. Tonjes, Esq.,* for the respondent.

OPINION.

SMITH: The respondent has proposed for assessment against the
petitioner, as transferee under the provisions of section 280 of the
Revenue Act of 1926, liabilities for the unpaid taxes of the several
transferor companies named for the calendar year 1919 as follows:

| Docket No. | Transferor company | Amount of liability |
|---|---|---|
| 31516 | Atlantic City Theatre Company | $8,880.61 |
| 31516 | Broadway Theatre Holding Company | 1,157.48 |
| 33142 | Stanley Realty Company | 39,012.84 |
| 40023 | Allegheny Theatre Company | 4,015.42 |

The only question at issue is whether the petitioner, while admit-
ting its liability as transferee for any deficiencies in the taxes due
from the transferor companies for 1919, is entitled in these proceed-
ings to a redetermination of the amounts of such deficiencies.   The
parties have filed written stipulations setting forth all of the mate-
rial facts and, in the alternative, the amounts for which the peti-
tioner is liable, contingent upon the ruling of the Board on the
question of the petitioner's right to have the deficiencies redeter-
mined.

The stipulation filed in Docket No. 33142 is as follows:

1. That on or about October 28, 1926, the Commissioner of Internal Revenue
mailed to the Stanley Realty Company, Philadelphia, Pennsylvania, a notice of
deficiency proposing to assess additional 1919 income and profits taxes in the
amount of $39,012.84.

2. That on or about December 27, 1926, a petition was filed with the United
States Board of Tax Appeals by the Stanley Realty Company praying for a
redetermination of the liability proposed for assessment by letter dated October
28, 1926.   This appeal was docketed number 22171.

3. That on or about February 17, 1927, the Board entered an order, a copy of which is attached hereto and made a part hereof, and marked "Exhibit A." [See footnote.[1]] Said order was entered without any testimony being introduced, and there was no hearing on the merits or issues presented by the petition held prior or subsequent thereto.

4. That on December 14, 1925, the Stanley Realty Company was dissolved. That at the date of dissolution and for some time prior thereto the Stanley Company of America owned all of the capital stock of the Stanley Realty Company.

5. If the aforesaid order of the Board (attached as Exhibit A) is a bar to the right of this petitioner in this proceeding of seeking a redetermination of the tax liability of said Stanley Realty Company on the merits, the Board may enter an order finding the petitioner to be liable as a transferee of the Stanley Realty Company within the meaning of Section 280 of the Revenue Act of 1926 for $39,012.84 plus interest as provided by law. If this petitioner in this proceeding is not barred by said order from seeking a redetermination of the tax liability of said Stanley Realty Company on the merits, the true and correct deficiency due from said Stanley Realty Company for the year 1919 is $8,491.36 and the Board may enter an order against this petitioner for that amount plus interest as provided by law.

6. The Stanley Company of America, petitioner herein, is a transferee of the assets of the Stanley Realty Company, petitioner in Docket No. 22171, and as such transferee is liable for a deficiency of $39,012.84 or $8,491.36 together with interest as provided by law, whichever is found by this Board to be due in this proceeding.

7. It is further stipulated and agreed that nothing in this stipulation shall be construed to deprive either party hereto of the right to prosecute an appeal from the decision of this Board on the question of whether the Stanley Company of America as transferee, the petitioner herein, is foreclosed by the aforesaid order of the Board in the case of *Stanley Realty Company* v. *Commissioner of Internal Revenue* from showing herein any different liability than that shown by said order.

The stipulations filed in Docket Nos. 31516 and 40023 are in all material respects similar to that above. In each instance it is stipulated that a deficiency notice was sent to the transferor company, a petition and answer were filed with the Board, and an order of dismissal was issued by the Board fixing the amount of the deficiency as determined by the respondent. It is also stipulated in the other proceedings that the petitioner is liable, in the alternative, for the following amounts:

---

[1] ORDER OF DISMISSAL

This proceeding having been called from the Day Calendar of February 17, 1927, and counsel for the petitioner having moved to dismiss, without objection by counsel for the respondent, it is hereby

ORDERED that the motion be and the same is hereby granted. The amount of the deficiency is $39,012.84 for the year 1919, as determined by the Commissioner.

[Signed]         C. ROGERS ARUNDELL,
                              *Member,*
                    UNITED STATES BOARD OF TAX APPEALS.

Dated, Washington, D. C.,
February 17, 1927.

| Docket No. | Transferor company | Amount of liability | |
|---|---|---|---|
| | | Either | Or |
| 31516 | Atlantic City Theatre Company | $8,880.61 | $3,602.00 |
| 31516 | Broadway Theatre Holding Company | 1,157.48 | None. |
| 40023 | Allegheny Theatre Company | 3,618.79 | 760.53 |

In *Jahncke Service, Inc.*, 20 B. T. A. 837, we held that where in a prior proceeding, brought by a taxpayer corporation in its own name, the Board determined the amount of its tax liability, such determination is binding upon the transferee stockholder of such taxpayer and may not be contested in a subsequent proceeding brought by the transferee under section 280 of the Revenue Act of 1926. To the same effect is *J. E. Duval*, 21 B. T. A. 1357; affd., 57 Fed. (2d) 496. In *Nora M. Carney et al.*, 22 B. T. A. 721, we held that a prior determination in respect of a transferor's tax liability is also binding upon the Commissioner in a proceeding against the transferee stockholders.

However, in *Wayne Body Corporation*, 22 B. T. A. 401, we limited the application of that rule to cases in which there had been a prior hearing and determination by the Board on the merits. In that case we held that the transferee in a proceeding brought under section 280 of the Revenue Act of 1926 was not precluded from contesting the amount of a deficiency for 1917, where in a prior proceeding brought by the transferor the Board granted the taxpayer's motion to " withdraw from the petition any objections made to the deficiencies found by the respondent for the years 1917 and 1920." In distinguishing that case from *Jahncke Service, Inc., supra*, we said:

The exception to the rule which freely permits the transferee, on appeal from a proceeding under section 280, to contest the correctness of the amount of tax originally determined against the transferor, is where the transferor appealed to this Board in the original proceeding for a deficiency and the cause was heard on its merits and final determination was made. We have held in such a case, in a subsequent appeal by a transferee from a proceeding under section 280, the transferee is precluded from contesting the correctness of the tax against transferor. *Jahncke Service, Inc.*, 20 B. T. A. 837. We have no such case before us in this proceeding; there was no hearing on the merits as to 1917. We therefore hold that petitioner is not precluded from inquiring into the correctness of the amount of the tax assessed against the Detroit Company for 1917.

The facts here are similar in all material respects to those in *Wayne Body Corporation, supra*. In none of the prior proceedings brought by the transferors was there any determination of a deficiency on the merits. The proceedings were all dismissed on motion of the petitioners and the respondent's determinations were

approved *pro forma*. Under these circumstances, we are of the opinion that the transferee is entitled in these proceedings to contest the amounts of the tax liabilities of the transferors.

In each of the present proceedings the parties have stipulated the amount for which the petitioner is liable as transferee if the Board should hold that the petitioner is entitled to a redetermination of the liability of the transferor companies.

> *Judgments of deficiency will be entered for the following amounts: Docket No. 31516, $3,602, plus interest; Docket No. 33142, $8,491.36, plus interest; Docket No. 40023, $760.53, plus interest.*