ESTATE OF J. SHIRLEY SWEENEY, Deceased, JANE A. SWEENEY, Independent Executrix, and JANE A. SWEENEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ESTATE OF J. SHIRLEY SWEENEY, Deceased, JANE A. SWEENEY, Executrix, and JANE A. SWEENEY, Surviving Spouse, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Sweeney v. Commissioner
Docket Nos. 8293-76, 276-78.
United States Tax Court
T.C. Memo 1980-120; 1980 Tax Ct. Memo LEXIS 464; 40 T.C.M. (CCH) 171; T.C.M. (RIA) 80120; April 16, 1980, Filed Donald J. Forman, for the petitioners. William P. Hardeman, for the respondent. SCOTT SUPPLEMENTAL MEMORANDUM OPINION SCOTT, Judge: Our previous opinion, T.C. Memo. 1979-387, directed that the decision in this case be entered under Rule 155 of the Rules of Practice and Procedure of this Court. Pursuant to that direction, respondent on January 25, 1980, filed a Computation for Entry of Decision which was served on January 28, 1980, with notice that objection thereto, accompanied by an alternative computation, should be filed by February 19, 1980. *466 On February 4, 1980, this Court received an informal document on behalf of petitioners disagreeing with respondent's computation with respect to the self-employment tax due by the Estate of J. Shirley Sweeney. Attached to this document was a computation of the self-employment tax of Dr. Sweeney for each of the years 1972 through 1975 which differed from respondent's computation only because it included in the self-employment income of Dr. Sweeney for each of the years 1972 through 1975 the $6,000 amount paid to him by the Southwestern Diabetic Foundation, Inc. In our prior opinion we held this $6,000 to constitute compensation to Dr. Sweeney for each of these years. Respondent's computation for the years 1972 and 1973 made no change in the self-employment tax computation from that determined in his notice of deficiency. Respondent's computation of self-employment tax for each of the years 1974 and 1975 reduced the self-employment income as shown in the notice of deficiency by an amount which the parties had agreed at the trial was a proper additional deduction for depreciation. Petitioners' computation resulted in a greater deficiency in self-employment tax for each year than *467 did respondent's computation. The amounts of increases were $23.08 for 1972, $480 for 1973, $440.65 for 1974, and $474 for 1975. We filed the informal document received on behalf of petitioners as petitioners' computation and on February 20, 1980, we entered an order directing the parties to file a written response to the opposing party's computation and a memorandum in support thereof on or before March 17, 1980. [1]
*468 Rule 155 provides for a computation by the parties for entry of decision pursuant to the opinion of the Court determining the issues. Rule 155 specifically provides that consideration will not be given to any new issues at an argument with respect to the correct computation of deficiency. We have held that an adjustment which is merely a matter of accounting, such as apportionment of income among beneficiaries of a trust or election to spread certain income over prior years where the statute permits, is not a new issue. See Sparrow v. Commissioner, 18 B.T.A. 1, 20 (1929); Myers v. Commissioner, 12 T.C. 648, 651 (1949). However, we have been just as consistent in holding that a new issue will not be considered at a hearing held under Rule 155. See The John Gerber Company v. Commissioner, 44 B.T.A. 26, 31 (1941); Estate of Samuel Stein v. Commissioner, 40 T.C. 275, 280 (1963); Commissioner v. Meldrum & Fewsmith, Inc., 230 F.2d 283, 284-285 (6th Cir. 1956), affg. 20 T.C. 790 (1953). Therefore the question here is whether the Court's determination that Dr. Sweeney received compensation *469 in the amount of $6,000 from the Southwestern Diabetic Foundation, Inc., in each of the years 1972 through 1975 automatically results in this amount being included in his self-employment income. Section 1401(a) and (b), I.R.C. 1954, [2] imposes a tax on self-employment. Section 1402(a) defines the term "net earnings from self-employment" to mean the gross income derived by an individual from a trade or business carried on by that individual less the deductions attributable thereto. Section 1402(c) defines a trade or business when used with reference to self-employment income or net earnings from self-employment to have the same meaning as used in section 162 except that the term shall not include the performance of services by an individual as an employee. [3]Section 1402(b) defines the term "employee" to have the same meaning as when used in chapter 21, section 3101 and following, relating to the Federal Insurance Contributions Act. Insofar as here pertinent, section 3121(d) defines employee to mean "any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee." *470 A number of cases have been decided in this Court and other courts concerning whether an individual is an employee of the organization from which he receives compensation. These cases have uniformaly held that the question of whether two parties stand in the employer-employee relationship is one of fact-- Simpson v. Commissioner, 64 T.C. 974, 984 (1975); James v. Commissioner, 25 T.C. 1296, 1300 (1956); Azad v. United States, 388 F.2d 74, 76 (8th Cir. 1968). Other than the question of the proper computation of base period income for income averaging purposes which does not bear on the self-employment tax computation under Rule 155, the only issue litigated in this case was whether the $6,000 paid by the Southwestern Diabetic Foundation, Inc., to Dr. Sweeney for the years 1972, 1973, 1974, and 1975 was a gift or was compensation for services. No issue was raised alternative or otherwise as to whether the $6,000, if compensation, was a payment of salary or wages to Dr. Sweeney as an employee or a payment to Dr. Sweeney as an independent contractor. In order to determine whether the $6,000 is includable in Dr. Sweeney's self-employment *471 income, it is necessary to decide whether the $6,000 was paid to Dr. Sweeney as salary or wages paid to an employee or was paid to him for services as an independent contractor. Since no such issue has been raised or litigated in this case, this issue is a new issue which we do not consider in a hearing under Rule 155. We therefore conclude that respondent's computation in this case is correct under the opinion of the Court filed on September 19, 1979, T.C. Memo. 1979-387, and decision will be entered in accordance with respondent's computation. Footnotes
1. On March 11, 1980, respondent filed a document entitled "Respondent's Memorandum of Law in Support of Respondent's Computation for Entry of Decision" which was primarily devoted to an objection to the Court's considering the informal document received on behalf of petitioners which was not signed by petitioners' counsel as petitioners' computation. The few remaining pages of respondent's memorandum merely stated that the adjustments made by respondent to the amount of self-employment tax in 1974 and 1975 were purely matters of computation whereas the adjustments proposed by petitioners raised a new issue which was not permissible under the provisions of Rule 155 of the Rules of Practice and Procedure of this Court. Respondent did not discuss nor cite any Code sections or cases in support of the statement in his memorandum brief that petitioners' computation raised a new issue as distinguished from merely being a matter of computation which followed from the opinion in the case. Petitioners' attorney filed with the Court on March 18, 1980, a document entitled "Petitioners' Response to Respondent's Computation for Entry of Judgment" and a document entitled "Memorandum in Support of Petitioners' Opposition to Respondent's Computation for Entry of Judgment." The first of these documents merely stated that petitioners had no objection to respondent's computation other than with respect to the self-employment tax. Attached thereto was the same computation of self-employment tax informally submitted on petitioners' behalf on February 4, 1980. The entire substance of petitioners' memorandum in support of their computations is the following statement on page 2 thereof. A review of the Court's Findings of Fact and Opinion discloses that the $6,000.00 per year payments to Dr. Sweeney were specifically held to constitute compensation for his services. See pages 14 and 15 of the slip opinion. That being the case, the $6,000.00 per year constitutes additional self-employment income under Section 1402(b) of the Internal Revenue Code of 1954. * * * Petitioners' memorandum explains that the increases in self-employment tax are proposed by petitioners because they would increase the amount of social security income to be received through the years by Mrs. Sweeney. Neither party discussed the question of whether the inclusion in Dr. Sweeney's income of the $6,000 held to be additional compensation to Dr. Sweeney in each of the years 1972 through 1975 causes this amount to be included in his self-employment income as merely a matter of computation. The Court is therefore left to determine this question without benefit of the view of either party with respect thereto.↩
2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect in the years in issue. ↩
3. Section 1402(c) provides in part as follows: (c) Trade or Business.--The term "trade or business", when used with reference to self-employment income or net earnings from self-employment, shall have the same meaning as when used in section 162 (relating to trade or business expenses), except that such term shall not include-- * * *
(2) the performance of service by an individual as an employee, other than-- (None of the five listed exceptions would be applicable to Dr. Sweeney if he were an employee of Southwestern Diabetic Foundation, Inc.)↩