MANUEL M. KOUFMAN and CHARLOTTE KOUFMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Koufman v. Commissioner
Docket Nos. 8641-72, 8770-73.
United States Tax Court
T.C. Memo 1977-225; 1977 Tax Ct. Memo LEXIS 216; 36 T.C.M. (CCH) 936; T.C.M. (RIA) 770225; July 19, 1977, Filed *216 (1) Held, under sec. 6512(b), I.R.C. 1954, this Court lacks jurisdiction to allow an overpayment to the petitioners for a payment they made in 1968 with respect to their 1963 taxes because no claim for refund had been filed, and because a claim for refund would not have been timely if filed on the mailing date of the notice of deficiency for 1963. (2) Held, a corporate distribution in 1968 may not be taken into account so as to create a deficiency in excess of that determined by the Commissioner because he never asserted a "claim" within the meaning of sec. 6214(a), I.R.C. 1954, for such increase; but a corporate distribution in 1966 may be taken into account in computing the deficiency for that year because it would not increase such deficiency. David R. Andelman and Jonathan J. Margolis, for the petitioners. Barry J. Laterman, for the respondent. SIMPSON
SUPPLEMENTAL MEMORANDUM OPINION SIMPSON, Judge: On October 28, 1976, this Court filed its Memorandum Findings of Fact and Opinion in this case (T.C. Memo. 1976-330), but withheld entry of its decision to enable the parties to submit computations in accordance with Rule 155, Tax Court Rules of Practice and Procedure.[1] The Commissioner submitted his computations on March 30, 1977; the petitioners objected to them and filed their alternative computations on April 19, 1977. Both parties have submitted written arguments in support of their computations. The *219 parties' computations conflict because of disagreement over the following matters: (1) Whether the petitioners are entitled to an overpayment of $8,969.88 for 1963; and (2) whether certain corporate distributions in 1966 and 1968 received by the petitioner, Manuel M. Koufman, may be considered in computing the deficiencies for such years. We treat each of these matters in turn. 1. Overpayment for 1963
The petitioners, in their Rule 155 computation, claim for the first time that they are entitled to an overpayment of $8,969.88 for 1963. They never raised this matter in their pleadings nor in their briefs, nor do they contend that they ever filed with the Commissioner a claim for refund of such amount. Such amount was paid by the petitioners on February 27, 1968--more than 3 years after they filed their 1963 return--to satisfy a liability asserted by the Commissioner with respect to their 1963 income. The liability was based on the Commissioner's claim that there was a corporate distribution to the petitioner in 1963 from Legion Development Corporation (Legion). Subsequently, on August 23, 1972, the Commissioner mailed the petitioners a notice of deficiency for 1963, and *220 in computing their liability for such year, included in income a distribution from Legion to the petitioner, stating that the petitioner had "previously agreed to this adjustment." In our prior opinion, we held that the 3-year statute of limitations barred the Commissioner from seeking to collect any taxes for 1963 since he had failed to establish the applicability of the 6-year statute of limitations. In view of that holding, we concluded that agreements entered into by the petitioners, purporting to extend the statute of limitations, were void and without legal effect under section 6501(c)(4) of the Internal Revenue Code of 1954, [2] because they were executed after the expiration of the 3-year statute of limitations. The petitioners now claim that since the statute of limitations had run on 1963, they are entitled to an overpayment of the amount which they paid in 1968. At the outset, it appears that the petitioners' claim for an overpayment has been presented too late. It is well settled that in submitting computations under Rule 155, no "new *221 issue" is to be taken into consideration. Rule 155(c); Bankers Pocahontas Coal Co. v. Burnet,287 U.S. 308, 312-313 (1932); Commissioner v. Sussman,102 F. 2d 919, 922 (2d Cir. 1939), affg. a Memorandum Opinion of this Court; Estate of Stein v. Commissioner,40 T.C. 275, 280 (1963); Great Northern Railway Co. v. Commissioner,10 B.T.A. 1347, 1356 (1928). Since the petitioners failed to present their claim for an overpayment in their pleadings or otherwise raise the issue at an earlier time, it cannot be considered in a computation under Rule 155. In addition, the Commissioner objects to the petitioners' claim to an overpayment on the ground that under section 6512(b), it is not allowable. In relevant part, section 6512(b) provides: (b) Overpayment Determined by Tax Court-- (1) Jurisdiction to determine.--Except as provided by paragraph (2) * * * if the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year * * * or finds that there is a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court *222 shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer. (2) Limit on amount of credit or refund.--No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid-- (A) after the mailing of the notice of deficiency, (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or (C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency-- (i) which had not been disallowed before that date, (ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or (iii) in respect of which a *223 suit for refund had been commenced before that date and within the period specified in section 6532. Since the petitioners paid the amount in question prior to the mailing of the notice of deficiency, they cannot rely on section 6512(b)(2)(A) for this Court's jurisdiction to allow an overpayment.Nor can they rely on section 6512(b)(2)(C) because no showing has been made that in fact they filed a claim for refund. Hence, in order to succeed, they must bring themselves within the terms of section 6512(b)(2)(B), since it provides this Court with jurisdiction to allow an overpayment even when a taxpayer has not in fact filed a claim for refund. Under the terms of such provision, we may allow an overpayment only if a claim therefor would have been timely under section 6511(b)(2), (c), or (d), if filed on the date the notice of deficiency was mailed. In relevant part, section 6511(b)(2) provides: (2) Limit on amount of credit or refund-- (A) Limit where claim filed within 3-year period.--If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately *224 preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. * * * (B) Limit where claim not filed within 3-year period.--If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim. Had the petitioners filed a claim for refund on August 23, 1972, it would have been more than 3 years from the date they filed their 1963 return, and more than 2 years from the date they paid such tax.Thus, it would not have been timely within the meaning of section 6511(b)(2). Section 6511(d) provides limitation periods for the filing of a refund claim with respect to certain situations, none of which is applicable in this case. In support of their claim, the petitioners rely upon section 6511(c), which extends the filing date for a refund claim "[if] an agreement under the provisions of section 6501(c)(4) extending the period for assessment of a tax imposed by this title is made within the period prescribed in subsection (a) for the filing of a claim for credit or refund * * *." However, the petitioners *225 cannot claim the benefit of such provision because the agreement extending the statute of limitations must have been made "under the provisions of section 6501(c)(4)." That provision, in turn, requires that such an agreement be executed before the applicable statute of limitations has run. Since we have found that the applicable statute of limitations was 3 years, it follows that the agreement was not made in accordance with the terms of section 6501(c)(4), and we must therefore reject the petitioners' claim for an overpayment. See also sec. 301.6512-1(f), Proced. & Admin. Regs. The petitioners contend that the Commissioner is barred from raising section 6512(b) as a defense to their claim for overpayment because it is a statute of limitations, and he never pleaded it as required by Rule 39. Such contention must be rejected for a number of reasons: The Commissioner was never on notice that the petitioners were seeking an overpayment for 1963; hence, he cannot be expected to plead a defense to a claim which has never been advanced. Moreover, there is a serious question as to whether section 6512(b) is to be viewed simply as a statute of limitations, or whether it is to be treated *226 as a statute limiting the jurisdiction of this Court. If this Court lacks jurisdiction to grant relief to the petitioners, it would appear unnecessary for the Commissioner to formally plead such matter. See Rule 40; cf. Rule 53. Indeed, if the matter is jurisdictional, the petitioners may bear the burden, which they failed to discharge, of including within their petition "proper allegations showing jurisdiction in the Court" to allow the claimed overpayment. Rule 34(b)(2). 2. Corporate Distributions in 1966 and 1968
The parties also disagree about whether certain amounts which we found to have been corporate distributions to the petitioner are to be included in computing the deficiencies for the years when they were made. We found that the petitioner received a $500 corporate distribution from Northeast Properties, Inc., in 1966 and a $16,752 distribution in 1968 from Koufman Construction Co. of Boston. In the notice of deficiency for such years, the Commissioner did not mention such distributions and did not determine them to be dividends or corporate distributions to the petitioner.However, the parties filed a joint exhibit which contained a list of withdrawals made *227 by the petitioner and also specified which constituted dividends "per 90 day letter." Such exhibit specified that both withdrawals in question were determined by the Commissioner to have been dividends, and our conclusion to such effect was based upon such joint exhibit. Yet, the Commissioner has never moved to amend his pleadings to claim the additional deficiency. The petitioners do not deny receiving such distributions, but they now contend that they did not intend to agree that such distributions constituted dividends. According to the Commissioner's computations, increasing the petitioners' income in 1968 by the $16,752.00 distribution increases the deficiency set forth in the notice of deficiency for that year from $6,331.15 to $13,940.03. Section 6214(a) specifies when this Court may redetermine a deficiency to be greater than the amount originally determined by the Commissioner: (a) Jurisdiction as to Increase of Deficiency, Additional Amounts, or Additional Amounts, or Additions to the Tax.--Except as provided by section 7463, the Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than *228 the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any additional amount, or addition to the tax should be assessed, if claim therefor is asserted by the Secretary at or before the hearing or a rehearing. Thus, unless the Commissioner has asserted a "claim" for an additional deficiency, we are without jurisdiction to find a deficiency in excess of the amount set forth in the statutory notice of deficiency. The "claim" for the increased deficiency must be made in specific terms in the Commissioner's pleading, and it must explicitly request an increase in the deficiency and adequately state the grounds therefor. Commissioner v. Fifth Avenue Bank, 84 F. 2d 787, 789 (3d Cir. 1936), affg. 32 B.T.A. 701 (1935); Boeing v. Commissioner, 47 B.T.A. 5, 8-9 (1942); Drawoh, Inc. v. Commissioner, 28 B.T.A. 666, 684-685 (1933); Cascade Milling & Elevator Co. v. Commissioner, 25 B.T.A. 946, 947-948 (1932). For example, the Ninth Circuit in Moise v. Burnet, 52 F. 2d 1071, 1073 (1931), revg. 13 B.T.A. 525 (1928), held that an allegation *229 by the Commissioner in his answer that a taxpayer had additional income was not sufficient to constitute a "claim" for an additional deficiency arising out of the transaction described in such pleading; a holding we later approved in Cascade Milling & Elevator Co. v. Commissioner, supra.Likewise, an insufficient "claim" was found when the Commissioner requested in his answer an increased deficiency, if warranted by the findings of this Court. Cascade Milling & Elevator Co. v. Commissioner, supra.At the very least, therefore, the Commissioner must have moved, at or before the hearing or rehearing, to amend his answer in order to plead the increased deficiency (cf. Henningsen v. Commissioner, 243 F. 2d 954 (4th Cir. 1957), affg. 26 T.C. 528 (1956); Commissioner v. Sussman, 102 F. 2d 919, 922 (2d Cir. 1939), affg. a Memorandum Opinion of this Court; Commissioner v. Ray, 88 F. 2d 891 (7th Cir. 1937), revg. on another ground a Memorandum Opinion of this Court, cert. denied 301 U.S. 711 (1937); Jasionowski v. Commissioner, 66 T.C. 312, 317 (1976); *230 Boeing v. Commissioner, supra); but he has not done so in this case. In view of such facts, we are without jurisdiction to redetermine an increase in the deficiency due to the petitioners' withdrawal from Koufman Construction Co. during 1968. With respect to another distribution in that year, the petitioners agree that it increases their deficiency for 1968, and do not contend that the Commissioner failed to properly "claim" such increase. Hence, for 1968, a decision will be entered determining the deficiency to be that computed by the petitioners. The petitioner's receipt of a $500 dividend in 1966 presents a different situation, because even including it in income for that year will not result in a deficiency in excess of that determined by the Commissioner in his notice of deficiency. Thus, the jurisdictional problems which are posed in regard to the 1968 distribution are not present with regard to such distribution. As to such distribution, there is no merit in the petitioners' contention that they were surprised by the Commissioner's position that it constituted a dividend. The distribution, together with a statement as to the Commissioner's treatment *231 of it, was included in an exhibit in which both parties joined in filing. Cf. Estate of Huntsman v. Commissioner, 66 T.C. 861, 871-872 (1976); Estate of Horvath v. Commissioner, 59 T.C. 551, 555-557 (1973). The petitioners suggest that because of the large number of exhibits in this case, they were not in fact aware of the treatment of the particular distribution, but the taxability of such distribution did not present a new or distinct legal issue. Cf. Robertson v. Commissioner, 55 T.C. 862, 864-865 (1971); Messer v. Commissioner, 52 T.C. 440, 455 (1969). The issue of whether the petitioner's withdrawals were loans or dividends was a central issue in the case, and the petitioner addressed that issue in general terms, describing his treatment of all such withdrawals. Thus, we conclude that such distribution may properly be considered in computing the petitioners' deficiency for 1966, [3] and for that year, we will enter a decision in the amount of the deficiency computed by the Commissioner. *232 The petitioners do not contest the correctness of the Commissioner's calculation of deficiencies for 1965, 1967, and 1969 and of an addition to tax under section 6651(a) for 1967; hence, decisions for those years will be entered in accordance with the Commissioner's computations. Appropriate decisions will be entered. Footnotes
1. All references to a Rule are to the Tax Court Rules of Practice and Procedure.↩
2. All statutory references are to the Internal Revenue Code of 1954 as in effect for the years in issue.↩
3. Obviously, if the $500 distribution raised a new issue, not set forth in the Commissioner's notice of deficiency or in his pleading, and one which caught the petitioners by surprise, it could not be considered in computing the deficiency for that year, even if the amount of the deficiency, including such item, would not exceed the original deficiency determination. See Estate of Huntsman v. Commissioner, 66 T.C. at 871-872; Estate of Horvath v. Commissioner, 59 T.C. at 555-557; cf. Markwardt v. Commissioner, 64 T.C. 989, 997-998↩ (1975).