JAMES HELBA, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Helba v. Commissioner
Docket Nos. 8218-83, 21648-84.
United States Tax Court
T.C. Memo 1987-529; 1987 Tax Ct. Memo LEXIS 521; 54 T.C.M. (CCH) 900; T.C.M. (RIA) 87529; October 19, 1987. *521 Petitioner objected to respondent's computations under Rule 155 on several grounds. Held, petitioner conceded the issue of guaranteed payments. Held further, respondent conceded that I.R.C. section 6621(c) is not applicable to the portion of the underpayments attributable to petitioner's failure to include the guaranteed payments in income. Held further, as noted in the Court's opinion at 87 T.C. 983 (1986), it was unnecessary to address the deductibility of miscellaneous expenses claimed by petitioner in light of the Court's finding that the transactions in the case were in substance shams lacking economic significance beyond expected tax benefits. Accordingly, decisions will be entered in accordance with respondent's revised computations. Henry W. Walther and John D. Humbert, for the petitioner. Phoebe L. Tang, for the respondent. NIMS
SUPPLEMENTAL MEMORANDUM OPINION *522 NIMS, Judge: On October 30, 1986, the Court filed its opinion in these cases, 87 T.C. 983 (1986), but withheld entry of its decisions to enable the parties to submit computations in accordance with Rule 155. [1] Respondent filed his computations under Rule 155 on May 29, 1987. Petitioner objected to respondent's computations and filed alternative computations on July 9, 1987. On August 10, 1987, respondent filed responses and objections to petitioner's computations. The parties' computations reflect disagreement concerning the following four issues: (1) whether guaranteed payments of $ 32,000 from Children's *523 Fantasy, Ltd. (CFL) and $ 15,000 from Geppetto's Music Shop (GMS) should be included in petitioner's income for the taxable year 1979; [2] (2) whether a guaranteed payment of $ 26,275 from Merry Wives, Ltd. (MWL) should be included in petitioner's income for the taxable year 1980; [3] (3) whether section 6621(c)[4] is applicable to the portion of the underpayments attributable to petitioner's failure to include the guaranteed payments in the income of the proper year; and (4) whether petitioner is entitled to deduct miscellaneous expenses such as legal and accounting fees, organizational expenses and office expenses. In the notice of deficiency for the taxable year 1979, respondent determined that petitioner was required to include in his income the amount of $ 47,000 as guaranteed payments from CFL and GMS. In the notice of deficiency for the taxable year 1980, respondent determined *524 that petitioner should include $ 26,275 as a guaranteed payment from MWL in his 1980 income. Petitioner filed a petition with respect to each notice of deficiency, and each petition alleged that respondent erroneously determined that the amounts are guaranteed payments includable in gross income. [5] Petitioner's trial memorandum, ordered filed as part of the record, did not include a discussion of the issue of guaranteed payments. Petitioner's brief included requested findings of fact with respect to the disputed payments received from CFL, GMS and MWL. However, petitioner's brief failed to include a discussion, legal or factual, of the issue of the guaranteed payments. Based on the above facts, we concluded that petitioner had conceded the issue of guaranteed payments. See Calcutt v. Commissioner,84 T.C. 716 (1985). Therefore, we sustained respondent's determinations in the notices of deficiency that petitioner was required to include guaranteed payments of $ 32,000 from CFL and $ 15,000 from GMS in his 1979 income and $ 26,275 from MWL in his 1980 income. Accordingly, we find that respondent's Rule 155 computations are not erroneous on this point. *525 In connection with his computations under Rule 155, petitioner alternatively argues that if the guaranteed payments are included in his income as determined by respondent, then such payments should be excluded from his income in the years in which he included the payments. Thus, petitioner's Rule 155 computations raise the issue of double inclusion of income. However, neither petitioner's petitions, [6] trial memorandum nor brief raised the issue of double inclusion of income. Rule 144 is the mechanism through which the Court enters a decision for the amount of deficiency or overpayment resulting from the disposition of the issues involved in a case. Harwood v. Commissioner,83 T.C. 692, 694 (1984), affd. without published opinion 786 F.2d 1174 (9th Cir. 1986); Close v. Commissioner,79 T.C. 933, 935 (1982). Petitioner failed to raise the issue of double inclusion of income prior to the submission of computations under Rule 155. See Koufman v. Commissioner,T.C. Memo. 1977-225. Rule 155(c) provides that new issues will not be considered. Cloes v. Commissioner,79 T.C. at 935. *526 Consequently, we will not consider petitioner's issue of double inclusion of income in the context of Rule 155 computations. In his Rule 155 computations, petitioner argues that respondent erroneously applied section 6621(c) to the portion of the underpayments attributable to petitioner's failure to include the guaranteed payments in the income of the proper year. [7] In his responses to petitioner's computations, respondent concedes that section 6621(c) is not applicable to the portion of the underpayments attributable to the omission of the guaranteed payments. Respondent, therefore, revised his computations under Rule 155. Petitioner argues that the Court did not address the issue of whether petitioner is entitled to deduct miscellaneous expenses such as legal and accounting fees, organizational expenses and office expenses. In its opinion, the Court initially noted that one of the issues *527 for decision was whether petitioner was entitled to deduct certain miscellaneous expenses. 87 T.C. at 984. After finding that the transactions in the instant cases were in substance shams lacking economic significance beyond expected tax benefits, the Court held that it was unnecessary to address the remaining issues. 87 T.C. at 1014. The "remaining issues" include the issue of whether petitioner was entitled to deduct miscellaneous expenses. Decisions will be entered in accordance with respondent's revised computations.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect during the years in issue. ↩
2. The case at docket No. 8218-83 involves the taxable year 1979. ↩
3. The case at docket No. 21648-84 involves the taxable years 1980 and 1981. ↩
4. Section 6621(d) was redesignated as section 6621(c)↩ by section 1511(c)(1)(A) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2744. 5. In the petition in the case at docket No. 8218-83, which involves the taxable year 1979, petitioner alleged that "The Commissioner erroneously determined that the petitioner must accrue $ 47,000.00 into income for the taxable year 1979 as that amount constituted unreceived guaranteed payments from Children's Fantasy, Ltd. and Geppetto's Music Shop." As a basis of his assignment of error, petitioner alleged that the management fee of $ 32,000 from CFL was not a guaranteed payment until 1980 and that the management fee of $ 15,000 from GMS was not guaranteed in 1979. In the petition in the case at docket No. 21648-84, which involves the taxable years 1980 and 1981, petitioner alleged that "The Commissioner erred in determining for taxable year 1980 that petitioner was required to report $ 26,275.00 as guaranteed payments from Merry Wives, Ltd., on his income tax return." Petitioner alleged no factual or legal basis for his assignment of error with respect to respondent's determination that petitioner must include $ 26,275 as a guaranteed payment from MWL in his 1980 income. ↩
6. Rule 31(c) permits pleading in the alternative. ↩
7. The Court limited its consideration of the applicability of section 6621(c) (formerly designated as section 6621(d)) to the portion of the underpayments attributable to the partnerships' basis overstatements. Helba v. Commissioner,87 T.C. 983, 1014↩ n.17 (1986).