RALPH G. KAZI AND JEAN KAZI, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Kazi v. Commissioner
Docket Nos. 10233-79, 10234-79, 10236-79, 10237-79, 10238-79, 10240-79, 10241-79, 10242-79, 10243-79, 10244-79, 13246-80, 22297-80, 23476-81, 23479-81, 16675-83
United States Tax Court
T.C. Memo 1991-37; 1991 Tax Ct. Memo LEXIS 48; 61 T.C.M. (CCH) 1759; T.C.M. (RIA) 91037; January 30, 1991, Filed *48 Decisions will be entered in accordance with respondent's computations in docket Nos. 10234-79, 10236-79, 10238-79, 10240-79, 10242-79, 13246-80, 23476-81, 23479-81 and 16675-83. Decisions will be entered in accordance with respondent's revised computations in docket Nos. 10233-79, 10237-79, 10241-79, 10243-79, 10244-79 and 22297-80. R filed computations for entry of decision in these cases pursuant to Rule 155, Tax Court Rules of Practice and Procedure. Ps filed objections to R's computations for entry of decision. Held, the Court will not consider whether Ps are entitled to a deduction for their out-of-pocket expenses related to their investment in straddle transactions because the deductibility of those expenses is a new issue involving facts not in the record that may not be considered for the first time in a Rule 155 proceeding. Rule 155(c), Tax Court Rules of Practice and Procedure.Held further, the amount of any tax paid on a fictitious straddle gain reduces a deficiency or generates an overpayment for the year in which the gain was reported. Held further, the amount of any deficiency may not be reduced by the amount of tax paid on fictitious straddle *49 gains arising in years barred by the statute of limitations because this Court does not have equitable recoupment jurisdiction. Held further, this Court does not have jurisdiction to determine an overpayment for a year not before the Court because I.R.C. section 6214(b) does not confer jurisdiction over that year. Stanley Klein, Elias Rosenzweig and Michael Weitzner, for the petitioners. Victoria Wilson Fernandez and George Soba, for the respondent. NIMS, Chief Judge. NIMS
SUPPLEMENTAL MEMORANDUM OPINION On December 15, 1988, the Court filed its opinion in this case, Fox v. Commissioner, T.C. Memo 1988-570, but withheld entry of decision to enable the parties to submit computations in accordance with Rule 155. (All Rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.) By order dated December 27, 1989, the docketed cases of Jack M. Fox and Marliss S. Fox (docket Nos. 3453-79, 10069-79 and 21879-80) were severed from the group of these consolidated cases and thereafter this case has proceeded under *50 the caption Ralph G. Kazi and Jean Kazi, et al. v. Commissioner, docket Nos. 10233-79, et al. In Fox, the parties filed cross-motions for summary judgment pursuant to Rule 121 along with supporting briefs. In their motions, the parties agreed that the sole issue for decision was whether the per se profit motive rule of section 108(b) of the Tax Reform Act of 1984 (Division A of the Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 494, 630), as amended by section 1808(d) of the Tax Reform Act of 1986 (Pub. L. 99-514, 100 Stat. 2817), applies to protect dealers from a finding that their straddle transactions were shams devoid of economic substance. (Section 108 of the Tax Reform Act of 1984 is subsequently herein referred to as section 108.) In Fox v. Commissioner, supra, we held that: as a matter of law that petitioners' straddle transactions produced no losses to which the per se rule of section 108(b) can be applied. * * * Likewise, since the straddle transactions were shams, gains reported by petitioners in the latter years do not constitute taxable income to them. [ T.C. Memo 1988-570, 1988 Tax Ct. Memo LEXIS 603, 56 T.C.M. (CCH) 863, 869, T.C.M. (RIA) *51 P88570, at 2951.] We withheld entry of decision in these cases for the purpose of permitting the parties to submit computations pursuant to our determination of the per se profit motive issue. Rule 155(a). On March 29, 1990, respondent filed his computations for entry of decision under Rule 155. On July 20, 1990, petitioners filed their objections to respondent's computations, together with their alternative computations and a memorandum of law in support of their objections and alternative computations. In their objections, petitioners agreed with respondent's computations in the following docketed cases: 10239-79, 13247-80, 13248-80, 22240-80, 22291-80, 22292-80, 22293-80, 22294-80, 22295-80, 22296-80, 23477-81, 23614-81, 31359-81, 974-82, 13919-82 and 13920-82. Consequently, by order dated July 26, 1990, these docketed cases were severed from this case. On August 27, 1990, respondent filed: (1) a response to petitioners' objections and alternative computations and a memorandum of law in support thereof; and (2) revised computations for entry of decision in docket Nos. 10233-79, 10237-79, 10241-79, 10243-79, 10244-79 and 22297-80 to reflect certain concessions *52 with regard to some of petitioners' objections. In their objections, petitioners asserted that respondent made various computational errors in docket Nos. 10233-79, 10237-79, 10241-79, 10243-79, 10244-79 and 22297-80. Respondent has conceded these errors. The parties' computations reflect disagreement over whether petitioners are entitled to a deduction for their out-of-pocket expenses related to their investment in the straddle transactions involved herein (out-of-pocket expense issue). The parties' computations also reflect disagreement over whether the amount of any deficiency attributable to a straddle transaction loss may be reduced by the amount of any: (1) tax paid on the corresponding straddle gain reported in a subsequent taxable year not barred by the statute of limitations (offsetting gain issue); (2) tax paid on the corresponding straddle gain reported in a subsequent taxable year barred by the statute of limitations under the doctrine of equitable recoupment or estoppel (equitable recoupment issue); and (3) alleged overpayment arising in a year not before us and unrelated to the issues in this case (unrelated overpayment issue). Out-of-Pocket Expense Issue
Petitioners *53 in docket Nos. 23476-81, 23479-81 and 16675-83 assert that they are entitled to a deduction for their out-of-pocket expenses related to their investment in the straddle transactions pursuant to section 108(c). Respondent contends that the deductibility of out-of-pocket expenses is a new issue which may not be raised for the first time in a Rule 155 proceeding, citing Rule 155(c). Rule 155 is the mechanism through which the Court enters a decision for the amount of deficiency or overpayment resulting from the disposition of the issues involved in a case. Harwood v. Commissioner, 83 T.C. 692, 694 (1984), affd. without published opinion 786 F.2d 1174 (9th Cir. 1986); Cloes v. Commissioner, 79 T.C. 933, 935 (1982). Computations under Rule 155 are to be determined solely in accordance with the Court's findings and conclusions and are generally "purely mathematical adjustments." See The Home Group, Inc. v. Commissioner, 91 T.C. 265, 269 (1988), affd. 875 F.2d 377 (2d Cir. 1989); Rule 155(a) and (b). Rule 155(c) provides as follows: (c) Limit on Argument: Any argument under this Rule *54 will be confined strictly to consideration of the correct computation of the deficiency, liability, or overpayment resulting from the findings and conclusions made by the Court, and no argument will be heard upon or consideration given to the issues or matters disposed of by the Court's findings and conclusions or to any new issues. This Rule is not to be regarded as affording an opportunity for retrial or reconsideration. [Emphasis added.]
Thus, any argument made in a Rule 155 proceeding must be strictly confined to the correct computation of the deficiency, liability or overpayment resulting from the findings of fact and conclusions made in our opinion. No argument may be made in a Rule 155 proceeding which raises a new issue. See Bankers Pocahontas Coal Co. v. Burnet, 287 U.S. 308, 77 L. Ed. 325, 53 S. Ct. 150 (1932); Cloes v. Commissioner, supra.
Petitioners could have raised the issue of whether they were entitled to a deduction for their out-of-pocket expenses in the summary judgment proceeding where the transactions in question were considered on the merits. See Rule 31(c). In their motions for summary judgment, however, petitioners agreed *55 that all other issues have been resolved and that the sole issue for decision was whether the per se profit motive rule under section 108(b) applied in this case. Thus, petitioners did not there raise the issue of whether their out-of-pocket expenses were deductible under section 108(c). It is the policy of this Court to adjudicate all issues raised in a case in one proceeding to avoid piecemeal and protracted litigation. Robin Haft Trust v. Commissioner, 62 T.C. 145, 147 (1974), affd. on this issue, vacated and remanded 510 F.2d 43, 45 n.1 (1st Cir. 1975). As a predicate to the allowance of any deduction for out-of-pocket expenses, an evidentiary hearing, or the submission of agreed facts, would be necessary. A Rule 155 proceeding is not appropriate for this purpose. Accordingly, we decline to consider the new issue which petitioners are now attempting to raise. Offsetting Gain Issue
Petitioners in all docket Nos. assert that the amount of any deficiency attributable to a straddle loss should be reduced by the amount of any tax paid on the corresponding straddle gain reported in a subsequent year. Respondent contends that any tax paid *56 on a fictitious straddle gain reduces the amount of any deficiency or increases the amount of any overpayment in the year the gain was reported. Petitioners first assert that the gain and loss legs from the straddle transactions must be closed out in the same year the transaction arose, the loss year, because "A transaction which is a nullity from inception cannot be divided into components and given partial effect in different tax years." Aside from the fact that this also is a new issue, petitioners do not cite any authority for this assertion. Petitioners reported the loss and gain legs of the sham straddle transactions in different taxable years. Therefore, the gain and loss legs of the sham straddle transactions should be eliminated in the year each gain or loss was reported. Petitioners next assert that the gain and loss legs from their straddle transactions must be closed out in the same year the transaction arose, the loss year, because "merely reversing the reported gain does not adequately implement the Court's relevant findings." Petitioners do not point to any part of our opinion in Fox v. Commissioner, supra, which supports their position. *57 Our holding in Fox that the straddle transactions were shams in substance does not imply that the loss reported in one year must be offset by the corresponding gain reported in a subsequent year. Therefore, the elimination of the gain and loss legs in the year each gain or loss was reported gives full effect to our holding that the straddle transactions were shams. Equitable Recoupment Issue
Petitioners in docket Nos. 10238-79, 10242-79 and 13246-80 assert that the amount of any deficiency attributable to a straddle loss should be reduced by the amount of tax paid on the corresponding straddle gain in a subsequent taxable year barred by the statute of limitations under the doctrine of equitable recoupment or equitable estoppel. Respondent contends that this Court may not grant the equitable relief requested by petitioners because to do so would expand this Court's jurisdiction beyond that permitted by statute. It is well established that as a court of limited jurisdiction we cannot expand our jurisdiction by granting equitable relief. Woods v. Commissioner, 92 T.C. 776, 787 (1989); Phillips Petroleum Co. v. Commissioner, 92 T.C. *58 885, 889-890 (1989); Knapp v. Commissioner, 90 T.C. 430, 440 (1988), affd. 867 F.2d 749 (2d Cir. 1989). Accordingly, we hold that the amount of any deficiency attributable to a straddle loss may not be reduced by the amount of tax paid on corresponding fictitious straddle gains arising in years barred by the statute of limitations because this Court does not have equitable recoupment jurisdiction. Unrelated Overpayment Issue
Petitioners in docket Nos. 10237-79, 10238-79 and 10242-79 assert that the amount of any deficiency attributable to a straddle loss should be reduced by the amount of an alleged unrelated overpayment of tax made in 1974, a year not before the Court. Respondent contends that this Court does not have jurisdiction to determine an overpayment in a year not before the Court. Section 6213(a) generally authorizes this Court to redetermine respondent's deficiency determinations provided that a timely petition is filed. Section 6214(b) further provides that: (b) JURISDICTION OVER OTHER YEARS * * * -- The Tax Court in redetermining a deficiency of income tax for any taxable year * * * shall consider such facts with relation *59 to the taxes for other years * * * as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other year * * * has been overpaid or underpaid. [Emphasis added.]
In sum, this Court may consider facts in other taxable years as needed to correctly redetermine a deficiency for a given year. This Court does not, however, have jurisdiction to determine whether petitioners have overpaid or underpaid their taxes in other years not before the Court. See secs. 6211(a); 6214(b); 6512(b); Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418, 88 L. Ed. 139, 64 S. Ct. 184 (1943); First Security Bank of Idaho, N.A. v. Commissioner, 592 F.2d 1046 (9th Cir. 1979); Phillips Petroleum Co. v. Commissioner, supra.
Accordingly, we hold that the amount of any deficiency for the years in issue is not reduced by the amount of any alleged unrelated overpayment of tax arising in 1974, a year not before the Court. To reflect the foregoing, Decisions will be entered in accordance with respondent's computations in docket Nos. 10234-79, 10236-79, *60 10238-79, 10240-79, 10242-79, 13246-80, 23476-81, 23479-81 and 16675-83. Decisions will be entered in accordance with respondent's revised computations in docket Nos. 10233-79, 10237-79, 10241-79, 10243-79, 10244-79 and 22297-80. Footnotes
1. Cases of the following petitioners have been consolidated herewith: Daniel Gutman and Judith Gutman, docket No. 10234-79; Terence J. Horn and Jean Horn, docket Nos. 10236-79 and 16675-83; Arturo Sterling, docket No. 10237-79; Hilary P. Gardner and Judith C. Gardner, docket No. 10238-79; Reed Clark and Audrey I. Clark, docket Nos. 10240-79 and 23479-81; Dwight B. Massey and Joann V. Massey, docket Nos. 10241-79 and 22297-80; Charles H. Falk and Joan A. Falk, docket No. 10242-79; Joseph L. Fraites and Evelyn S. Fraites, docket Nos. 10243-79 and 23476-81; Dominick Cademartori and Jean E. Cademartori, docket No. 10244-79; Charles S. Lerman and Barbara Lerman, docket No. 13246-80.↩